**STATE OF RHODE ISLAND**
**PROVIDENCE, S.C.**

**SUPERIOR COURT**

**YVONNE SCHILLING**
*Plaintiff*

**Vs.**

**C.A. No.:** 07-4231

**ESSEX INSURANCE COMPANY**
*Defendant*

---

## COMPLAINT FOR DECLARATORY JUDGMENT

1. The plaintiff, Yvonne Schilling is a resident of the City of Providence, State of Rhode Island

2. The defendant, Essex Insurance Company is a corporation upon information and belief doing business in the State of Virginia, licensed and providing insurance coverage individuals in the State of Rhode Island.

3. The plaintiff, (hereinafter "Schilling") purchased a general liability insurance policy from the defendant, (hereinafter "Essex") with effective dates of coverage of June 30, 2006 through June 30, 2007, policy number 3CU5448.

4. Said policy provided inter alia an insuring agreement, which states:

   Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate the "occurrence" and settle any claim or "suit" that may result.

5. On or about July 19, 2006, an individual named, James Casale, claims he was injured while working on the plaintiffs' premises located at 94 Angell Street, Providence, Rhode Island.

6. Mr. Casale filed a civil action in Providence County Superior Court, C.A. No.: 07-2419, in which he alleges that on or about July 15, 2006, he sustained personal injury while working on defendants' premises as a result of the defendants' negligence.

7. Pursuant to the insuring agreement, plaintiff notified defendant of said action and requested a defense of said action and indemnification of any sums she became legally obligated to pay as damages.

8. On or about May 21, 2007, defendant notified plaintiff that the claim filed Mr. Casale was excluded from coverage since the claimant was a contractor who sustained bodily injury while performing services at plaintiffs' property.

9. Said policy contained additional conditions endorsement which reads:

(D) If contractors or subcontractors are used, it is a condition of coverage that you use only those that are insured, and carry at a minimum Commercial General Liability coverage with limits at least equal to the limits of this policy, name you as an additional insured on their policy, and carry workers compensation insurance, and you require and secure certificates of insurance confirming same. Failure to comply with this condition does not void your coverage, however, limits of liability hereunder will be reduced and apply as a 'sublimit of liability', being a Combined Single Limit, $50,000 each occurrence and in the Aggregate, including loss adjustment expenses and defense.

Said policy further contains language that:

...there is no coverage under the policy for 'bodily injury', 'personal injury' or 'property damage' sustained by any contractor, self-employed contractor and/or subcontractor, or any employee, leased worker, temporary worker or volunteer help of same.

10. Said policy language is ambiguous, confusing, and contrary to public policy.

11. By way of this complaint plaintiff, Schilling, seeks a declaratory judgment pursuant to R.I.G.L. §9-30-1 et seq. declaring that Essex has a duty to defend and indemnify Schilling pursuant to the Essex policy for the claims asserted by James Casale in the aforementioned civil action.

WHEREFORE, Yvonne Schilling seeks a judgment declaring that Essex Insurance Company has a duty to defend Ms. Schilling pursuant to the Essex Insurance Company policy for the claims asserted by James Casale in the civil action cited above, as well as attorney fees, court costs and such other relief as this Court deems meet and just.

Plaintiffs
By Their Attorney,

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, RI 02903
(401) 331-1434

Plaintiff hereby demands a trial by jury.

Anthony J. Gianfrancesco, Esq.

Dated: