1002-8007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YVONNE SCHILLING<br>Plaintiff,<br><br>v.<br><br>ESSEX INSURANCE COMPANY<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) | DOCKET NO: CA 07-344-S |

ANSWER AND JURY DEMAND OF DEFENDANT ESSEX INSURANCE CO.

Now comes the defendant, Essex Insurance Company, and by and through counsel, hereby answers the plaintiff's Complaint as follows:

1. The defendant neither admits nor denies the allegations contained in paragraph 1 of the plaintiff's Complaint as the defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

2. The defendant admits the allegations contained in paragraph 2 of the plaintiff's Complaint.

3. The defendant neither admits nor denies the allegations contained in paragraph 3 of the plaintiff's Complaint as the defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

4. The defendant neither admits nor denies the allegations contained in paragraph 4 of the plaintiff's Complaint. The exact policy provision speaks for itself.

5. The defendant admits the allegations contained in paragraph 5 of the plaintiff's Complaint.

6. The defendant neither admits nor denies the allegations contained in paragraph 6 of the plaintiff's Complaint as the defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

7. The defendant denies the allegations contained in paragraph 7 of the plaintiff's Complaint.

8. The defendant admits that it sent correspondence to the plaintiff on or about May 21, 2007. The content of said correspondence speaks for itself.

9. The defendant neither admits nor denies the allegations contained in paragraph 9 of the plaintiff's Complaint. The exact policy provision speaks for itself.

10. The defendant denies the allegations contained in paragraph 10 of the plaintiff's Complaint.

11. The defendant denies the allegations contained in paragraph 11 of the plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states it is without any contractual responsibility in this matter.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that its actions were justified under the facts and circumstances of this case.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that it has acted in good faith at all times during the course of this matter.

**THEREFORE**, the defendant prays that this Court:

a. Enter judgment for the defendant, Essex Insurance Company, dismissing all claims;

b. Award the defendant, Essex Insurance Company, costs, expenses and attorneys' fees; and

c. Grant such further relief as the Court may deem just.

**JURY CLAIM**

The defendant, Essex Insurance Company, requests a trial by jury as to all issues triable as of right to a jury.

ESSEX INSURANCE COMPANY,
By its attorneys,
MORRISON MAHONEY LLP,

/s/ Michael J. Marcello

John P. Graceffa (#5201)
Michael J. Marcello (#5221)
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATE OF SERVICE**

I hereby certify that this documents filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 12, 2007.

/s/ Michael J. Marcello

Michael J. Marcello, BBO No. 5221