**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Yvonne Schilling

VS. C.A. NO. 07-344S

Essex Insurance Company

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I. STATEMENT OF THE CASE:

The facts of this case are not in dispute. The plaintiff purchased a commercial liability insurance policy regarding her home at 94 Angell Street in the City of Providence from the defendant. Ms. Schilling lives in this five unit residential dwelling. While the policy was in full force and effect, Ms. Schilling retained the services of James Casale Painting and Wallpapering , Inc. to perform work on the premises. The principal of this company, James Casale is also an employee of it. On or about July 15, 2006, while working on the property, Mr. Casale claims he was injured. He has given at least two different versions of how the injury occurred. He has stated that he fell off a ladder and at another time indicated that a railing became loose causing him to fall. He filed a workers' compensation claim with his carrier, Beacon Mutual Insurance Company which is pending in the Workers' Compensation Court. Meanwhile he brought a third party action against Yvonne Schilling in Providence County Superior Court alleging that Ms. Schilling was negligent in the maintenance of her home and that her negligence cause or contributed to his sustaining an injury . Ms. Schilling immediately reported the claim to her insurance agent, who notified Essex Insurance Company. Essex Insurance has informed Ms. Schilling that there is no coverage for this claim and, therefore, they would not afford her a defense of the

allegations. Essex Insurance relies on the following language:

> (D) If contractors or subcontractors are used, it is a condition of coverage that you use only those that are insured, and carry at a minimum Commercial General Liability coverage with limits at least equal to the limits of this policy, name you as an additional insured in their policy, and carry workers compensation insurance, and you require and secure certificates of insurance confirming same. Failure to comply with this condition does not void your coverage, however, limits of liability hereunder will be reduced and apply as a 'sublimit' of liability, being a Combined Single Limit, $50,000 each occurrence and in the Aggregate, including loss adjustment expenses and defense.
>
> The sublimit would be the most payable for all damages arising out of any one occurrence, and the most payable for all claims under this policy, including investigation and defense. If such sublimits were tendered or exhausted, we would not defend or continue to defend in any suit.
>
> Further, there is no coverage under this policy for 'bodily injury', 'personal injury' or 'property damage' sustained by any contractor, self-employed contractor, and/or subcontractor, or any employee, lease worker, temporary worker or volunteer help of same.

Essex Insurance then claims: "Under the unambiguous policy endorsement terms "there is no coverage under this policy for 'bodily injury', 'personal injury' or 'property damage' sustained by any contractor, self-employed contractor, and/or subcontractor, or any employee, lease worker, temporary worker or volunteer help of same."

## II. Standard of Summary Judgment

In ruling upon a motion for summary judgment, the court is obligated to examine the pleadings, depositions, answers to interrogatories, admissions on file, and the parties' affidavits to determine if a genuine issue of material fact exists and if the moving party is entitled to judgment. (See Super. Ct.R.Civ. P. 56(c); see also *Saltzman v. Atlantic Realty Company, Inc.*, 434 A.2d 1343 (R.I. 1981); see also *Ludwig v. Kowal*, 419 A2d 297, 301

(R.I. 1980)). Now that the defendant has moved for summary judgment, the plaintiff has an "affirmative duty to respond with specific facts that would constitute a genuine issue for trial." *Ludwig* at 301; Super. Ct.R.Civ. P. 56(c). It cannot "rest upon the mere allegations or denials of [his] pleadings." Id. Although summary judgment may be a drastic remedy, it is required as a matter of law when there is no genuine issue of material fact.

The United States Supreme Court indicated that the specific inquiry under Fed.R.Civ.P. 56(c) is whether evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 106 S.Ct. 2502, 477 U.S. 242, 91 L.Ed.2d 202 (1986). In *Anderson*, as well as in *Celotex Corp. v. Catrett*, 106 S.Ct.2548, 477 U.S. 317, 91 L.Ed.2d 265 (1986), the Court emphasized the importance of summary judgment as a means of filtering out cases which should not go to trial. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex*, 106 S.Ct. 2553. The Court further stated that:

> Rule 56 must be construed with due regard, not only for the rights of persons, claims and defenses tried to a jury, but also to the rights of persons opposing such claims and defenses to demonstrate in a manner provided by the rule, prior to trial, that the claims and defenses have no factual basis.
>
> Id. at 2555

**III. Whether or not Essex Insurance Company has a duty to defend Ms. Schilling as a result of the allegations mad against her.**

` Plaintiff and defendant in this case do not dispute the facts, the insurance policy language, or the applicable law. Defendant, in its memorandum of law, cites *Sanzi v. Shetty*,

864 A.2d 614, 618 (R.I. 2005) for the proposition that an insurer's duty to defend is a function of the allegations in the complaint against the insured and that if the allegations bring the case within the scope of the risk covered by the policy, the insurer must defend regardless of whether the allegations are groundless, false or fraudulent. Where plaintiff and defendant part company is at this point. The defendant claims that "under the unambiguous policy endorsement terms there is no coverage under this policy for bodily injury, personal injury or property damage sustained by any contractor, self-employed contractor and/or subcontractor or any employee, lease worker, temporary worker or volunteer help of the same."

The defendant claims that "the clear and (un)ambiguous exclusion (sic.) specifically encompasses the exact factual circumstances presented in the underlying claim. The problem is that the exclusion is not unambiguous. A clear reading of the policy indicates that if a contractor or subcontractor is used a condition of coverage is that the contractor or subcontractor carry both commercial general liability coverage and workers' compensation insurance. Ms. Schilling, upon hiring Casale Wallpapering ensured that he was registered with the Rhode Island Contractors' Board and carried both general commercial liability coverage and workers' compensation insurance. She made every attempt to fulfill the requirements placed on her by the policy of insurance. It is not contested that Mr. Casale did, in fact, carry these policies. Nevertheless the exclusion goes on to then say that "there is no coverage under the policy for bodily injury, personal injury or property damage sustained by any contractor, self-employed contractor and/or subcontractor, or any employee, lease worker, temporary worker or volunteer help with the same. The third paragraph of "Exclusion D" makes no sense and directly contradicts the first paragraph.. Therefore, the

defendant cannot claim that the insurance policy is clear an unambiguous. Given the ambiguity created by the policy language the court must construe the contract in favor of Ms. Schilling. *Foxson Packaging Corp. v. Aetna Casualty & Surety Company*, 905 F.Supp. 1139, 1142(d) (R.I. 1995). To determine the extent of an insurers defense obligations, the precise language of the policy must be examined. *B & D Appraisals v. Gaudette Machinery Movers, Inc.*, 752 F.Supp. 554, 556(d) (R.I. 1990). Any doubts as to whether or not coverage exists will be resolved in favor of the insured. *Providence Journal Company v. Travelers Indemnity Company*, 938 F.Supp. 1066, 1073 (D.R.I. 1966). Here, based on the conflicting language in the policy, there is certainly at least a question as to whether or not coverage should be afforded under this claim. There does not appear to be any way to reconcile the first and third paragraph of Section D. That being the case, Essex Insurance Company must afford Ms. Schilling a defense for this claim. In *Conanicut Marine Services, Inc. v. Insurance Company of North America*, the Rhode Island Supreme Court addressed the issue of an insurers refusal to defend its insured against a complaint which questionably fell within policy limits stating, "an insurer who denies coverage does so at its own risk, and, although its position may not have been entirely groundless, if the denial is found to be wrongful, it is liable for the full amount which would compensate the insured for all detriment caused by the insurers breach of the expressed and applied obligations of the contract." 511 A.2d 967, 971 (R.I. 1986).

## III. Conclusion

For the above stated reasons, the plaintiff, Yvonne Schilling respectfully requests that her Motion for Summary Judgment be granted and that this Court declare that Essex Insurance Company has a contractual obligation to defend and indemnify under its

commercial general liability policy the allegations made against Ms. Schilling.

Respectfully Submitted,
By Her Attorney

/s/Anthony J. Gianfrancesco
Anthony J. Gianfrancesco, Esq., #2762
Baluch Gianfrancesco Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903
(401) 331-1434

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed to:

John P. Graceffa, Esq.
Michael J. Marcello, Esq.
121 South Main Street, Suite 600
Providence, RI 02903

on this _____ day of February, 2008.

/s/ Anthony J. Gianfrancesco