1002-8007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **YVONNE SCHILLING** **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **DOCKET NO: CA 07-344-S** |
| | ) | |
| **ESSEX INSURANCE COMPANY** **Defendants** | ) | |

**JOINT STATEMENT OF UNDISPUTED FACTS**

1. Ms. Yvonne Schilling is the owner of property located at 94 Angell Street, Providence, Rhode Island.

2. The subject property is owner-occupied rental property.

3. Essex Insurance Company is a foreign corporation authorized to do business in the State of Rhode Island.

4. Sometime prior to July 15, 2006, Ms. Yvonne Schilling hired James Casale Painting and Wallpapering, Inc. to paint the exterior of her property located at 94 Angell Street, Providence, Rhode Island.

5. While performing work on the Schilling property, an employee of James Casale Painting and Wallpapering Inc., James Casale, claims to have been injured on July 15, 2006.

6. As a result of the alleged injury, Mr. James Casale filed a negligence action in the Superior Court against Ms. Yvonne Schilling.

7. A true and accurate copy of the Mr. Casale's complaint is attached as Exhibit A.

8. At the time of the incident that forms the basis of Mr. Casale's complaint, Ms. Schilling was insured under an Essex General Liability Policy, number 3CU5448, with effective dates of coverage from June 30, 2006 through June 30, 2007.

9. Under the policy's Commercial General Liability Coverage Form CG 0001(10/01), the policy states:

> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the

insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

The policy also provides the following relevant definitions:

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13. "Occurrence" means an accident, including conditions or repeated exposure to substantially the same general harmful conditions.

17. "Property Damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which the insurance applies as alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insures submits with our consent.

10. The policy also contained a endorsement M/E-002 (1/05) which provides:

ADDITIONAL CONDITIONS ENDORSEMENT

THIS ENDORSEMENT AMENDS THE LIABILITY COVERAGE FORM OR COVERAGE PART (hereinafter referred to as Coverage Form), AND APPLIES TO THE ENTIRE POLICY.

> This insurance does not apply to 'bodily injury', 'property damage', 'personal injury', 'advertising injury' or any injury, loss, or damages including consequential injury, loss or damage, arising out of, caused by or contributed to or as a result of:
>
> 1. (D) If contractors or subcontractors are used, it is a condition of coverage that you use only those that are insured, and carry at a minimum Commercial General Liability coverage with limits at least equal to the limits of this policy, name you as an additional insured on their policy, and carry workers compensation insurance, and you require and secure certificates of insurance confirming same. Failure to comply with this condition does not void your coverage, however, limits of liability hereunder will be reduced and apply as a 'sublimit' of liability, being a Combined Single Limit, $50,000 each occurrence and in the Aggregate, including loss adjustment expenses and defense.
>
> The sublimit would be the most payable for all damages arising out of any one occurrence, and the most payable for all claims under this policy, including investigation and defense. If such sublimits were tendered or exhausted, we would not defend or continue to defend any suit.
>
> Further, there is no coverage under this policy for 'bodily injury', 'personal injury' or 'property damage' sustained by any contractor, self-employed contractor, and/or subcontractor, or any employee, lease worker, temporary worker or volunteer help of same.

11. After receiving notice of the underlying tort claim by Ms. Schilling, Essex Insurance Company a defense and indemnity by a letter to Ms. Schilling dated May 21, 2007.

1002-8007

YVONNE SCHILLING

By her Attorneys,

/s/ Anthony J. Gianfrancesco

**Attorneys for Plaintiff**
Anthony J. Gianfrancesco, #2762
Blauch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, RI 02903
(401)331-1434 Fax: (401)351-9653

ESSEX INSURANCE COMPANY

By its Attorneys,

/s/ Michael J. Marcello

**Attorneys for Defendant**
JOHN P. GRACEFFA, #(5221)
MICHAEL J. MARCELLO, #(5201)
MORRISON MAHONEY LLP
10 Weybosset Street, Suite 900
Providence, RI 02903
(401) 331-4660 Fax: (401) 351-4420

**CERTIFICATE OF SERVICE**

I hereby certify that this documents filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 26th day of February, 2008

/s/ Michael J. Marcello

Michael J. Marcello, BBO No. 5221

648837v1